**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio V Fierros, | No. CV-20-00245-TUC-RM (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Quebedeaux Buick GMC Incorporated, et al., | |
| Defendants. | |

This lawsuit arose from Plaintiff Sergio Fierros's purchase of an allegedly defective vehicle. Plaintiff sued the seller, Quebedeaux Buick GMC, Inc.; the vehicle manufacturer, General Motors, LLC; and the holder of the finance contract, U.S. Bank National Association. He asserted two sets of claims, one relating to the vehicle, the other to U.S. Bank's allegedly tortious efforts to collect under the finance contract. The parties settled all claims in December 2021. As part of their settlement, Plaintiff, Quebedeaux, and General Motors agreed to submit the issue of attorney's fees to the undersigned magistrate judge. Plaintiff further agreed that he would not seek fees from U.S. Bank.

Now before the Court is Plaintiff's motion for attorney's fees and motion for leave to supplement his motion for attorney's fees. (Docs. 72, 78.) The motions have been fully briefed, and oral argument was heard on August 11, 2022. (Docs. 73, 76, 80, 81, 93.)  As discussed below, Plaintiff will be granted leave to supplement his fee motion. Plaintiff's request for fees will be granted in part and denied in part.

. . . .

**Discussion**

The parties agree that Plaintiff is a prevailing party, and that his attorney's fees should be calculated using the lodestar method. The first step under this method is to calculate the lodestar. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). The second step is to "determine[] whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Id.*

**I.      The Lodestar.**

The lodestar is calculated by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

**A.      Reasonable Hourly Rate.**

"The reasonable hourly rate is determined by assessing 'the prevailing market rate in the relevant community.'" *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) (quoting *Kelly*, 822 F.3d at 1099). Here, Plaintiff is represented by A. Ferraris Law P.L.L.C. The firm charges hourly rates of $350 for attorney Christine Ferraris; $125 for paralegals Linda Vaubel, Kimberly Rutherford, Miranda Briseño, and Lacey Norton; and $100 for legal assistant Krystina Johnson. These rates are in line with the prevailing market rates in the District of Arizona, and Defendants agree that they are reasonable. *See Barrio v. Gisa Invs. LLC*, No. CV-20-00991-PHX, 2021 WL 1947507 (D. Ariz. May 14, 2021) (awarding hourly rates of $325, $150, and $100 to Ferraris and her staff); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (explaining that "rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate").

**B.      Hours Reasonably Expended.**

Counsel's billing statement shows (when the hours are added correctly) that she and her staff expended 213.5 hours on this matter. Defendants raise various challenges to the reasonableness of these hours. Each is taken in turn.

1                          **1.      Clerical Work.**

2          Defendants argue that counsel's hours include non-compensable clerical work.

3    Clerical work is compensable in a fee award only if that is "the prevailing practice in the

4    local community." *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 287 n.9 (1989). In

5    Arizona, purely clerical tasks are not recoverable. *See Cont'l Townhouses E. Unit One

6    Ass'n v. Brockbank*, 733 P.2d 1120, 1128 (Ariz. Ct. App. 1986) (holding that recovery may

7    be had for "specifically-delegated substantive legal work"). Plaintiff's counsel concedes

8    this point and has voluntarily reduced some of her hours. The parties continue to disagree,

9    however, as to whether certain task entries involved clerical work.

10         The Court agrees with Defendants that further deductions are necessary. Numerous

11   task entries involved filing, uploading, formatting, sequencing, Bates-stamping, and

12   proofreading (as opposed to substantive revision of) documents. These are purely clerical

13   tasks. *Isom v. JDA Software Inc.*, 225 F. Supp. 3d 880, 889–90 (D. Ariz. 2016) (formatting

14   documents); *Precision Seed Cleaners v. Country Mut. Ins.*, 976 F. Supp. 2d 1228, 1251

15   (D. Or. 2013) (filing documents); *Bark v. Northrop*, 300 F.R.D. 486, 494 (D. Or. 2014)

16   (proofreading documents); *Worden v. Klee Bethel, M.D., P.C.*, No. 1 CA–CV 08–0490,

17   2009 WL 2003321, at *5 (Ariz. Ct. App. 2009) (Bates-stamping documents). Several

18   entries involved calendaring dates and organizing the case file. These, too, are purely

19   clerical. *Precision Seed*, 976 F. Supp. 2d at 1251. Finally, numerous entries involved

20   routine, non-substantive communications (e.g., for scheduling). These purely clerical tasks

21   are not compensable. *See Isom*, 225 F. Supp. 3d at 889. Communications with Plaintiff

22   relating to the progress of his case, however, are compensable. *Quade ex rel. Quade v.

23   Barnhart*, 570 F. Supp. 2d 1164, 1167 (D. Ariz. 2008).

24         The Appendices attached to this Order show which tasks were deducted as non-

25   compensable clerical work. The following are examples:

26

| Date | Timekeeper | Description | Hours | Deduction |
|------|-----------|-------------|-------|-----------|
| 8/6/2020 | Vaubel | Upload US Bank's Partial Motion to Dismiss and calendar response deadline. Note: This entry was not billed on previous invoices. | .2 | .2 |

27

28

| 1/21/2021 | Vaubel | Proofread version 2 of Second Amended Complaint for claims against US Bank per the court's recommendation report | .8 | .8 |
|---|---|---|---|---|
| 6/23/2021 | Rutherford | Bates number documents to accompany initial disclosure statement; assemble into single PDF; upload to active case files for review. | .6 | .6 |
| 10/12/2021 | Briseño | Filed revised Joint Report and First Amended Proposed Scheduling Order with the Court upload for client | .3 | .3 |

### 2.     Hours Relating to U.S. Bank.

Defendants argue that counsel's hours should be reduced to the extent they relate to claims asserted against U.S. Bank. This argument requires some additional background. Plaintiff had, essentially, two sets of claims: one stemming from the sale of the defective vehicle (vehicle claims) and the other from U.S. Bank's attempts to collect under the vehicle finance contract (collection claims). Quebedeaux, the seller, and General Motors, the manufacturer, were subject to the vehicle claims. U.S. Bank, the party which allegedly engaged in tortious collection efforts, was subject to the collection claims. However, Plaintiff also asserted the vehicle claims against U.S. Bank. This was because of the following provision in the finance contract: "Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof."

Plaintiff relies on this provision and caselaw to argue that hours relating to U.S. Bank are recoverable. He is only partly correct. The Court agrees that Plaintiff may recover for time spent pursuing the vehicle claims against U.S. Bank, because any such work would have also advanced his identical claims against Quebedeaux and General Motors. Plaintiff is wrong, however, that Quebedeaux and General Motors must pay for Plaintiff's pursuit of the collection claims against U.S. Bank. The contract provision does not support that result, because neither Quebedeaux nor General Motors were "subject to" the collection claims. The caselaw concerning fees incurred on "related" claims is no more helpful to Plaintiff. The collection claims are not related to the vehicle claims: they arise from distinct conduct (harassing phone calls versus manufacture and sale of a defective vehicle) and involve different legal theories. *See Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001)

(stating that fees should not be awarded for unrelated claims).

Although Plaintiff believes that he can recover all fees relating to U.S. Bank, his counsel has nevertheless reduced some of her hours voluntarily. However, and as reflected in the Appendices, the Court finds that further deductions are necessary. The following are examples:

| Date | Timekeeper | Description | Hours | Deduction |
|---|---|---|---|---|
| 9/4/2020 | Ferraris | Research other possible claims against US Bank under defamation, tortious interference of contract, and negligence. | .6 | .6 |
| 1/21/2021 | Ferraris | Draft Second Amended Complaint and Notice, review court's report and recommendation draft allegations from attorney and paralegal review of subpoenaed records draft new telephone consumer protection act claim, and substantiate consumer fraud and neg. misrep against US Bank. | 4.3 | 4.3[1] |
| 1/26/2021 | Vaubel | US Bank number of calls added to case map. | .1 | .1 |
| 1/26/2021 | Vaubel | Call with attorney regarding calls to client from US Bank and how to implement in pleading. | .6 | .6 |

**3.     Block-billed Tasks.**

Defendants argue that several of counsel's task entries are impermissibly block-billed. It is within the Court's discretion to reduce block-billed task entries, because "block billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins.*, 480 F.3d 942, 948 (9th Cir. 2007). Defendants challenge the following entries:

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 1/7/2020 | Ferraris | Letter to US Bank (.8); cancellation notice finalized (.5) email to dealership general managerwith copy of cancellation notice (.8); email to GMC claims administrator with copy of letter toUS Bank and Notice of Cancellation (.2) | 2.3 |
| 7/27/2021 | Briseño | Drafted v1 of Request for Production for each Defendant. | 4.9 |

---

[1]     This is a significant but necessary deduction. U.S. Bank's motion to dismiss, which prompted the second amended complaint, did not target the vehicle claims applicable to all Defendants; it targeted claims unique to U.S. Bank. (Doc. 31 at 2.) Furthermore, the redlined version of Plaintiff's second amended complaint shows that no revisions were made to the allegations or claims pertaining to Quebedeaux and General Motors. (Doc. 48-1.) The revised allegations relating to U.S. Bank all concern its allegedly abusive collection practices—conduct that is unrelated to Quebedeaux and General Motors.

| | | 4.4 $1,047.50 | |
|---|---|---|---|

Only the second entry is impermissibly block-billed, as it is not clear how much time was spent on requests relating to the collection claims against U.S. Bank. This entry will be reduced by one-third. While the first entry includes several tasks, the task description adequately explains how much time was spent on each task. No deduction will be made (based on block-billing, at least). The third entry is not a task entry at all. It is meant to reflect the total number of hours expended by Briseño.[2]

The Court has identified block-billed entries aside from those highlighted by Defendants. These are reflected in the Appendices.

### 4. Unrealized Tasks.

Defendants argue that counsel's hours should be reduced to account for "unrealized tasks." These include the drafting of discovery requests that were never served. The Court finds that Plaintiff may recover for such tasks. Attempts to settle are oftentimes unsuccessful, so the Court will not fault Plaintiff's counsel for litigating her client's case as if it would be resolved at trial. Tellingly, this is the only argument advanced by Defendants that is not supported by citation to authority.

### 5. Hours Spent Litigating the Fee Motion.

Plaintiff requests leave to supplement his fee motion so that he can recover for the time spent researching and drafting his reply brief (among other tasks). This request will be granted. During the motion hearing, defense counsel indicated that it would be appropriate to analyze Plaintiff's additional fees for reasonableness. Furthermore, it appears that such fees are recoverable under both state and federal law. *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 662 (9th Cir. 1985) (stating that the general rule in federal court is to allow "compensation for the time and effort spent in preparing fee applications"); *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 932 (Ariz. Ct. App. 1983) (stating that attorneys generally may recover for time spent "[p]reparing post-decision motions").

---

[2]    Defendants' confusion about this entry is understandable, as the 4.4 figure was miscalculated.

Defendants contend that the 21.5 hours—worth $6,410—expended on Plaintiff's reply brief are unreasonable on their face, as counsel and her staff expended only 7.2 hours on the motion itself. They also take issue with a task entry for research about whether counsel could recover fees relating to fee litigation, since Plaintiff's motion for leave to seek such fees includes no authority supporting his request. In response, Plaintiff says it should be expected that his counsel would need to research the arguments in Defendant's response before replying to them.

"A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1083 (9th Cir. 2021) (quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). The Court agrees that some of Plaintiff's hours were excessive or unnecessary. For instance, counsel should not have included purely clerical tasks in her request for fees. It makes little sense that she should recover for time spent correcting that error, especially at her attorney rate of $350 per hour when the clerical tasks were billed at either $100 or $125 per hour. These deductions are reflected in Appendix 2.

After all deductions, a total of 161.1 hours was reasonably expended on this matter. Applying the rates discussed above, the lodestar in this matter is $41,790.00. It was calculated as follows:

| Timekeeper | Rate | Hours | Total |
|------------|------|-------|-------|
| Briseño | $125 | 6.1 | $762.50 |
| Ferraris | $350 | 97.2 | $34,020.00 |
| Johnson | $100 | 8.7 | $870.00 |
| Norton | $125 | 7.3 | $912.50 |
| Rutherford | $125 | 22.8 | $2,850.00 |
| Vaubel | $125 | 19 | $2,375.00 |
| | | **161.1** | **$41,790.00** |

## II.    Adjustments to the Lodestar.

The second step of the lodestar method is to determine whether the lodestar should be adjusted "upward or downward, based on factors not subsumed in the lodestar figure."

*Kelly*, 822 F.3d at 1099. The relevant factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (quoting *Quesada v. Thomason*, 850 F.2d 537, 539 n.1 (9th Cir. 1988)); *see* LRCiv 54.2(c)(3). Most of these factors are already subsumed into the lodestar. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986); *see Blum v. Stenson*, 465 U.S. 886, 898–99 (1984) (stating that the second factor is "reflected in the number of billable hours recorded by counsel," and that the third, eighth, and ninth factors are "reflected in the reasonable hourly rate"). In addition, the continued relevance of the sixth and tenth factors has been called into question. *Resurrection Bay Conservation All. v. City of Seward*, 640 F.3d 1087, 1095 n.5 (9th Cir. 2011).

Here, the Court disagrees with Defendants that a downward adjustment is necessary. *See Del. Valley*, 478 U.S. at 565 (stating that adjustments are warranted only in "rare and exceptional cases" (internal quotation marks omitted)). Counsel ably represented Plaintiff in a straightforward dispute over the purchase of a vehicle. The case settled with no relevant motion practice and without the need for substantial discovery. The presumptively reasonable lodestar is appropriate in this run-of-the-mill case. Defendants' arguments regarding prior attempts at settlement are not persuasive.

**III.   Costs.**

Plaintiff seeks $2,361.61 incurred hiring a process server, hiring an expert, and mailing various documents. (Doc. 72-1 at 41–50.) Defendants argue that several of these costs must be eliminated because they relate to U.S. Bank. These include mailings to the three credit-reporting agencies and mailings to, and service on, U.S. Bank. Defendants also

request that the cost of the complaint be reduced by one-third to account for U.S. Bank's presence in this lawsuit. The Court agrees with Defendants. Once these amounts are deducted, Plaintiff's costs are $2,136.83.

\* \* \*

As a closing matter, the Court notes that counsel's declaration and billing statement contain a concerning number of errors. In her declaration, counsel calculated her "paralegal and legal assistant billable hours" as follows: "87.7*$125/hour=$12,082.50." (Doc. 72-1 at 9.) That calculation is wrong: 87.7 * 125 = 10,962.50. In addition, the 87.7 figure includes time billed by a legal assistant whose rate is $100 per hour, not $125 per hour. (*Id.* at 6.) Next, the billing statement says that Vaubel's tasks were billed at $125 per hour, but 60 of her 63 tasks were billed at a rate higher than that. (*See id.* at 31.) This resulted in an overcharge of $1,000. Finally, although counsel attempted to separate out her non-billable hours, there were almost three of such hours included in the fee request. (*See id.* at 19.)

These and other errors are made more concerning by the fact that counsel has had similar problems in the recent past. *See Barrio v. Gisa Invs. LLC*, No. CV-20-00991-PHX, 2021 WL 1947507, at *3–4 (D. Ariz. May 14, 2021) (observing that there was a significant number of mathematical errors in counsel's statement of damages and statement of costs). In the future, counsel must exercise a greater degree of attentiveness when submitting documents to a court.

**IT IS ORDERED** that the motion for leave to supplement (Doc. 78) is **granted**.

**IT IS FURTHER ORDERED** that the motion for attorney's fees (Doc. 72) is **granted in part**. Plaintiff is awarded his reasonable attorney's fees against Defendants Quebedeaux Buick-GMC, Inc. and General Motors, LLC in the amount of **$41,790.00**. Plaintiff is awarded costs and expenses against Defendants Quebedeaux Buick-GMC, Inc. and General Motors, LLC in the amount of **$2,136.83**.

Dated this 24th day of August, 2022.

Honorable Maria S. Aguilera
United States Magistrate Judge

Appendix 1:
Billing Statement

**Key:**
- **B = Block billed**
- **C = Clerical work**
- **E = Excessive time spent**
- **I = Incomplete or ambiguous task description**
- **U = Unrelated to General Motors LLC or Quebedeaux Buick GMC, Inc.**

**Timekeeper: Miranda Briseño**
**Hourly Rate: $125**

| Date | Description | Hours | Reduction | Ruling |
|------|-------------|-------|-----------|--------|
| 7/27/2021 | Drafted v1 of Request for Production for each Defendant. | 4.9 | 1.6 | B, U |
| 9/23/2021 | Drafted v2 of discovery request to Defendant Quebedeaux and v1 shell of discovery request to Defendant General Motors. | 1.5 | | |
| 10/8/2021 | Proofread Joint Motion for Settlement Conference and drafted First Amended Proposed Scheduling Order (0.7); Emailed drafts and requested approval from Opposing Counsels (0.3). | 1 | 0.7 | C |
| 10/11/2021 | Final Proofread and edit Joint Motion and Proposed Order per comments by Opposing Counsel S. Harrison; requested permission to file from all Counsel via email. | 0.4 | 0.2 | C |
| 10/12/2021 | Filed revised Joint Report and First Amended Proposed Scheduling Order with the Court upload for client | 0.3 | 0.3 | C |
| 11/15/2021 | Draft v1 for attorney the First Supplemental Disclosure Statement and Notice of Service (.3); Bates stamped R. Bounds expert report (.4); Served disclosure statement and expert report and documents on opposing counsels (.1) and draft notice of service and file (.4) | 1.2 | 0.4 | C |
| | | 9.3 | 3.2 | |

**Adjusted Hours:** 6.1

**Timekeeper: Christine Ferraris**
**Hourly Rate: $350**

| Date | Description | Hours | Reduction | Ruling |
|------|-------------|-------|-----------|--------|
| 11/25/2019 | 3:14 pm Received call back, M. Quebedeaux said would return call and look into status of vehicle return | 0.1 | | |
| 11/25/2019 | Second call with Mike Quebedeaux about keeping S. Fierros in rental car until return resolved. He explained that dealer attempted to fix vehicle three times, complaining about rental car and expense, reminded MQ the brakes went and someone could have been seriousluy injured, so they should provide car rental given circumstances | 0.2 | | |
| 12/26/2019 | Review email from GM claims administrator (.2); email client about email w/ GM and possibility to engage expert to attend GM inspection to take photos (.1) | 0.3 | | |
| 12/26/2019 | Emails with expert Juan Aragon about attending inspection of Fierros vehicle per email from Gmclaims administrator. | 0.2 | | |
| 12/27/2019 | Reviwe Notes for call with client re email from GMC (.2) | 0.2 | | |
| 12/27/2019 | Call with Client re 12/26 email from GMC Claims AdministratorSent: Thursday, December 26, 2019 9:17 AMTo: Christine Ferraris Subject: FWD ESIS/GMClaim # 930909 - Your clients: A response from ESIS/GM. ------- | 0.4 | | |
| 12/31/2019 | Draft Notice of Rescission to US Bank and Dealer and email to client with request for signature to accompany letters to dealership, bank, and manufacturer. | 0.6 | | |
| 1/2/2020 | Email to GMC claims administrator attach notice of rescission and respond to request forinformation and inspection and request car of equal value to subject vehicle that is unsafe todrive. Emails are rejected when two attempts were made forwarded to legal assistant to followup with GMC claims administrator. | 0.7 | | |

| Date | Description | Hours | Reduction | Ruling |
|---|---|---|---|---|
| 1/2/2020 | Call to Juan Aragon re proposed inspection of GMC520.272.2272, call with Juan Aragon, had worked at Quebedeaux doesn't have a lot ofconfidence in service department not many qualified technicians, ask for service records,met someone a year ago that reads the | 0.2 | | |
| 1/4/2020 | Calls with client about his communications with Quebedeaux and what he was told about Mr.Quebedeaux (Michael or Thomas) sending back the Denali to GMC . Advised client to file police report if vehicle is no longer at dealer. | 0.3 | | |
| 1/4/2020 | Call to Quebedeaux requested to speak with Michael Quebedeaux athat client informed his vehicle was no longer at the dealership, left message with repr explained I had spoken to Mr. Quebedeaux couple of weeks ago and if Mr. Fierros' car is no longer there he will be filing a police report and lawsuit | 0.2 | | |
| 1/6/2020 | Emails and phone call with GMC general manager Basilio (Junior) Gonzalez about location of the client's vehicle and GMC conduct and dealer's joint responsibility. | 0.3 | | |
| 1/6/2020 | Emails with claims administrator Jennifer for GMC about the vehicle location arranging for an inspection and requesting car rental, communications from dealer. | 0.3 | | |
| 1/7/2020 | Letter to U.S. Bank (.8); cancellation notice finalized (.5) email to dealership general mangerwith copy of cancellation notice (.8); email to GMC claims administrator with copy of letter toUS Bank and Notice of Cancellation (.2) | 2.3 | | |
| 1/9/2020 | Inspection at Quebdeaux dealership met with Juan Aragon and GMC inspector Gerard Burrfrom Phoenix; downloaded data, asked questions and took photos and videotape of date andclient vehicle accident damage (2) travel to and from dealership (1) phone calls with | 4.4 | 1.4 | I |
| 1/10/2020 | Emails to attorney lemon law attorney in Los Angeles, with explanation of client's brake issue being reported by GMC Dec. 19 publication. Sent separate email to class action auto defect attorney in Georgia | 0.5 | | |
| 1/14/2020 | Request from Quebedeaux for open recall records of open recall number referenced in 9/27/19 Quebedeaux invoice from attorney whose firm has a class action against GMC for brake vacuum failure.Its a different model and year but discussed with attorney similarities | 0.4 | | |
| 1/21/2020 | Call to Discuss information requested from client, photo of dash and GPS data. Client explained wife and child in hospital and had to terminate an employee, will come to office to provide information. GMC cut off access to GPS data. Explained will likely need to file alawsuit. Explained | 0.5 | | |
| 1/28/2020 | Brief Review of Letter from US Bank and left voice mail with US Bank counsel. | 0.1 | 0.1 | U |
| 1/29/2020 | Complete Review of letter from US Bank legal counsel and email received today, respond to B. Kramer senior attorney for US Bank byresponding to questions and further support oflegal basis for S. Ferrios's notice of rescission and withholding of loan funds to decrease | 0.4 | 0.4 | U |
| 1/29/2020 | Emails with Junior Gonzalez of Quebedeaux confirming location of vehicle since taken to Quebedeaux and current location and update that FCA has taken no action. | 0.2 | | |
| 2/4/2020 | Emails with B. Kramer US Bank attorney explaining his response to rescission did notincluded ARS 47-2717 which entitles a buyer to notify seller of intention to deducts all or anypart of the damages from contract price resulting from breach of contract. | 0.3 | 0.3 | U |
| 2/5/2020 | Emails wuith GM claims administrator notifying that client will file lawsuit because GM's conduct concealing inspection report and further misrepresentation in assuring claim would be processed and that GM would repurchase the vehicle | 0.4 | | |
| 2/5/2020 | Emails with B. Kramer of US Bank about client's right to deduct payments from loan balance under ARS 47-2717 | 0.3 | 0.3 | U |
| 2/11/2020 | Secure messages with client about communications with GM administrator and Quebedeaux finance manager about non-oem electronic parts installed. | 0.1 | | |
| 2/11/2020 | Records request drafted for Quebedeaux and US Bank | 0.3 | | |
| 2/12/2020 | Review of data downloaded from GM inspection of vehicle save images to client file | 0.8 | | |
| 2/12/2020 | Calls with client about aftermarket alarm and history of repairs. | 1.3 | | |
| 2/18/2020 | Call expert Juan Aragon re re alarm system and inspection and that it is not active. Juan spoke about his experience with alarm installations and lack of skill of Quebedeaux employees in installing alarms in the past | 0.2 | | |

| Date | Description | Hours | Reduction | Ruling |
|------|-------------|-------|-----------|--------|
| 2/19/2020 | Followup Call with Juan Aragon to discuss alarm installed and make a plan to inspect, email client about a plan to inspect and invite the client to join us to inspect the alarm tomorrow, explain calling Mr. Gonzalez to confirm. | 0.6 | | |
| 2/19/2020 | E-mails with Junior Gonzalez with Quebedeaux notifying him of plan to inspect vehicle at 12:30 tomorrow tih Mr. Aragon. | 0.1 | | |
| 2/28/2020 | Call with Gerard Burr GMC Investigator asking about status of report he prepared | 0.2 | | |
| 3/9/2020 | Call with client about US Bank's contacts with client and harassing debt collection calls. | 0.2 | 0.2 | U |
| 3/9/2020 | communication with US Bank attorney (.1) emails with Brian Kramer attorney for US Bank about harassment of clients and further harm additional misconduct by US Bank, lack of dealer, manufacturer, bank willingness to try to resolve matter no choice but to file lawsuit. (.3) | 0.4 | 0.4 | U |
| 3/12/2020 | Second inspection at Quebedeaux with GMC ESIS G. Burr, Travel .7, inspection of GPS, spoke with dealer rep, Juan A. and Gerard Burr (1.6). | 2.3 | | |
| 3/14/2020 | Call with client, discussed last inspection comments from GM inspector; email from finance company VP about conversation with Junior Gonzalez of Quebedeaux | 0.4 | | |
| 3/23/2020 | Emails witih B. Kramer of US Bank about updates from GMC via J. Gonzalez at dealership and 3/23 response indicating email not found until this day and no communication from dealer or ESIS about claim resolution so drafting legal complaint. | 0.3 | | |
| 4/15/2020 | Call with client about debt collection letter received, and poor substitute vehicle received (.3). Health complications (.5 No Charge) | 0.3 | | |
| 4/29/2020 | Edit complaint add lemon law claim against General Motors, add FTC claim against US Bank (.8). Call with expert Juan Aragon about report of inspections he attended current GM letter re no brake failure and his review of the data records and repair orders (.4) | 1.2 | | |
| 5/1/2020 | Call with client to reiterate he should not take action with opposing party without my knowledge, drove car from dealer after being unable to get tow himself or from dealer. Frustrated and swore at Quebedeaux representative admitted very angry and frustrated bank is | 0.4 | | |
| 5/8/2020 | Call with Junior Gonzalez in request for him to call after sent ESIS letter: <br>-JG Mentioned that GMC did recall on brake notification in December 2019. <br>-JG Mentioned that he has same vehicle as client and when frost covered window camera gave notice of defroster and brake notice suggested that since Sergio add window tint possibly source of problem. <br>-JG Said he interprets the ESIS letter to say that there was no brake failure on the day of the accident, and that GM called service manager and said the same. <br>-He said I could call him anytime. | 0.3 | | |
| 5/14/2020 | Explained to client about recalls, spoke with wife Rachel and Sergio, let them know Junior Gonzalez said GM would work on truck if they wanted, he wants them to take car back. I informed them that GMC said brakes didn't have problem reported, though recall issued in December. (.5) Emailed client annualcreditreport.com website to seek credit reports, and information about legalist as well as sba.gov link about financial support for biz owners. NO CHARGE | 0.5 | | |
| 5/20/2020 | Review Client credit reports from Equifax, Experian, and TransUnion, prepare notes re remarks on reports that must be disputed and that we can prepare dispute letters for clients | 0.6 | 0.6 | U |
| 5/25/2020 | Research and review and prepare timeline of all National Highway Traffic and Safety Admin. Records filed by GMC for safety recalls issued under client vehicle GMC Sierra 1500 (NHTSA Campaigns 19V889, 20V055, 19V888, 10165100), prepare separate chronological record history for each safety recall campaign, add material document and dates from campaigns to client fact chronology (5.5) review consumer complaints filed with NHTSA similar to client's problems reported with vehicle (1.8) add common | 7.3 | | |
| 5/27/2020 | Upload and share Videos from GM inspection to Juan Aragon (1) messaging with J. Aragon about videos (.2) email to J. Basilio of Quebedeaux asking for confirmation of recalls Quebedeaux received for Fierros vehicle(.2) | 1.4 | | |
| 5/27/2020 | Additional emails to J. Gonzalez with Quebedeaux about additional recalls asking to confirm if Quebedeaux has safety recalls in the system for Mr Fierros's vehicle. | 0.3 | | |

| Date | Description | Hours | Reduction | Ruling |
|------|-------------|-------|-----------|--------|
| 6/5/2020 | Research the Arizona statutory agent to find proper address to deliver legal documents (summons/complaint) to US Bank, check licensee information at the Arizona Dept of Financial Institutions, licensee lookup didn't provide information, assign Linda task to followup. | 0.3 | 0.3 | U |
| 6/5/2020 | Edit of the legal pleadings complaint add negligent misrepresentation claim, consumer fraud act claim. | 2.2 | | |
| 7/13/2020 | Review Answers filed by opposing party (.5) & Meeting with client re next steps. (.4) | 0.9 | | |
| 8/9/2020 | Email to US Bank counsel failing to meet compliance with local court rule 12.1(c) and asking for him to clarify if he thinks rule applies or not. | 0.2 | 0.2 | U |
| 8/19/2020 | Edit and Finalize Stipulation for opposing party to review and to extend time to respond to US Bank's response to Complaint | 0.4 | 0.4 | U |
| 8/19/2020 | Emails and call with opposing counsel for US Bank abot response to complaint and FCRA/FDCPA claims, and bank's liability for claims against dealer | 0.3 | | |
| 9/1/2020 | Research furnisher liability under the Fair Credit Reporting Act and Fair Debt Collection Practices Act to clarify and add allegations to the complaint for violation of the Arizona Consumer Fraud Act | 1.4 | 1.4 | U |
| 9/4/2020 | Research other possible claims against US Bank under defamation, tortious interference of contract, and negligence. | 0.6 | 0.6 | U |
| 9/10/2020 | Call with client about calls from US Bank, calls to Brother, attempt to seek credit and current credit reporting of loan by US Bank, requested client to lookup phone records, credit reports, and contact salesperson for date and name re seeing credit t | 0.4 | 0.4 | U |
| 9/11/2020 | Research of invasion of privacy claims for harassing calls represented by counsel and for calls to brother. | 0.4 | 0.4 | U |
| 9/11/2020 | Draft allegations against US Bank from reviewing correspondence with counsel B. Kramer and case updates, letters sent to credit reporting agencies and lookup deliveries and notes from calls with client. | 1.8 | 1.8 | U |
| 9/11/2020 | Review final draft of first amended complaint, mark changes for marked-up complaint, and edit notice of filing per local rule 15.1. | 1.5 | | |
| 12/9/2020 | Call with client re phone numbers called and brother account information and asked if any recent calls from US Bank. | 0.3 | 0.3 | U |
| 12/9/2020 | Edit Subpoena for Sprint requesting client phone call detail records from Jan-Dec 2020. | 0.2 | 0.2 | U |
| 1/12/2021 | Call with Sergio about calls from US Bank to his brother. Discuss engaging expert to evaluate manufacturer's statements about the GPS/security system as causing the problem (.3). Discussion of other issues related to covid his business (.4No Charge.4) | 0.3 | 0.1 | B, U |
| 1/21/2021 | Draft Second Amended Complaint and Notice, review court's report and recommendation draft allegations from attorney and paralegal review of subpoenaed records draft new telephone consumer protection act claim, and substantiate consumer fraud and neg. misrep against US Bank. | 4.3 | 4.3 | B, U |
| 1/21/2021 | Further edits to second amend complaint and the notice of second amended complaint, review recc report, task paralegal re calls made and detail assigned paralegal to breakdown call number by month and add phone numbers to second amended complaint pleading. | 0.4 | 0.4 | B, U |
| 1/26/2021 | Call with Russell Bounds, an expert engineer to discuss diagnostic codes and manufacturer records that refer to the diagnostic codes on repair orders such as technical service bulletin from March 2019 can tie codes wth repair orders and diagnostic in January from BOSC diagnosti record captured at Quebedeaux discussed | 0.9 | | |
| 1/27/2021 | Sharing recall and September repair order with expert , message client about photographing sticker inside driver door. | 0.2 | | |
| 2/7/2021 | Secure message with client (.1)about Emails exchanged with dealer attorney K. Gallardo about filing of second amended complaint TCPA and Quebedeaux not part of claim and request for settlement demand from Plaintiff, respond if helpful will provide global offer and if client still in possession of vehicle, secure message with Sergio asking again for update on US Bank's attempt to repo and request to discuss call for settlement demand request from dealer(.2). | 0.3 | | |
| 2/17/2021 | Questions to client about additional harm and loss to update and calculate damages figures for car accident, car registration, and tax to submit settlement offer to opposing party. | 0.1 | | |
| 2/17/2021 | Preparation of Settlement offer emailed to Kristine Gallardo of Snell & Wilmer Quebedeaux counsel. | 0.3 | | |

| Date | Description | Hours | Reduction | Ruling |
|---|---|---|---|---|
| 2/18/2021 | Secure messages with client about loan information for vehicle in follow-up to emails with FCA and Quebedeaux's attorney requesting loan information and clarification on the pay off information. | 0.3 | | |
| 2/19/2021 | Secure messages with client about insurer payments and other incidental costs. And about Emails with US Bank counsel requesting loan information requested by GMC counsel as client unable to access online information. | 0.3 | | |
| 2/19/2021 | Emails to US Bank attorney asking for payoff and per diem information on loan given client can't access information. | 0.2 | | |
| 3/12/2021 | Phone to Steven E Harrison called the number on called ID just rang and rang asked PMC to schedule call 3/14/21. | 0.1 | | |
| 3/16/2021 | Prepare and edit 2nd amended complaint. | 1.5 | 1.5 | U |
| 3/25/2021 | Communicate with the client about the US Bank $5k offer and his refusal to accept given the harm caused by the bank with incessant calls discuss possible quantification would be a charge for each call multiplied by 500 discuss responses to opposing parties and next step of discovery. | 0.4 | 0.4 | U |
| 5/10/2021 | Joint report conference with counsel, discuss tentative deadlines for joint report dates, review report requirements from document 52 issued by court requiring specific details of case and deadlines, counsel agreed to seek court magistrate mediation and exchange initial disclosures by June 4 and draft joint report from Plaintiff by May 4 for filing by May 21 per court's order. S. Harrison unavailable for CMC and for next few weeks because of schedule and planned time away from office. | 0.5 | | |
| 5/10/2021 | Sent secure message to Sergio about call with attorneys representing US Bank, dealer and GMC and asking schedule for for deposition and possible settlement conference after deposition. | 0.2 | | |
| 5/17/2021 | Edit Draft Rule 16/26 Joint Report add proposed discovery deadlines, and edit sections relative to jurisdiction, stipulation on settlement conference after initial discovery, expert, work product, privilege, discovery issues, statement of claims, amend ing pleadings, motion for summary judgment, review of statement of claims and elements for each claim.(1.6) Share draft with opposing counsel with proposed schedule for filing by 5/21/21 (.2). | 1.8 | | |
| 5/31/2021 | Emails with counsel about rescheduling of scheduling order hearing per counsel of us bank's request, review proposed stipulation (.2), download order and reschedule date on calendar (.1). | 0.3 | | |
| 6/21/2021 | Rachel or Sergio secure messaged about US Bank sending out Automobile Recovery Services to repossess the vehicle; spoke with Bob rep and asked for the documentation that they refused to provide. May need to subpoena the records for Bob said that US Bank will likely continue to send it to different agents trying to repossess the vehicle; CAF to followup with US Bank counsel, S. Harrison. | 0.2 | | |
| 6/21/2021 | Emails w/ counsel for US Bank regarding contacts from Automobile Recovery Services trying to repossess vehicle since April according to an agent for ARS and conversation with the client. CAF spoke with Bob at ARS today. | 0.2 | | |
| 6/25/2021 | Review and edit initial disclosures, redact records (1.5), edit initial disclosure statement and finalize to file with court (1.4). | 2.9 | | |
| 7/15/2021 | Emails with counsel regarding discovery and to set up a settlement conference. | 0.2 | | |
| 9/13/2021 | Review assessment of expert auto engineer R. Bounds based on review of documents associated with the vehicle purchase, repairs and manufacturer notices, share draft record with client for review and comment. | 0.3 | | |
| 10/1/2021 | Preparation and attendance of Clients Deposition 9/29/21 | 6.5 | | |
| 10/20/2021 | Call with expert Randall Bounds about reviewing records and preparing report by November 1. | 0.2 | | |
| 11/1/2021 | Discuss with expert R. Bounds all documents for reviewing to finalize report and communication from GM, GM inspection, repair orders and the service bulletin. Discuss GM's reponse about GMS being the source of the problem. | 0.4 | | |
| 11/2/2021 | Secure message with Sergio about the Defendants refusal to repurchase vehicle and expert report that supports what Defendants knew | 0.2 | | |
| 11/11/2021 | Review R. Bounds report and note questions and email R Bounds seeking clarification. | 0.4 | | |
| 12/1/2021 | Review case documents and client records, and legal remedies new case law to support with case law and statutes to prepare settlement demand document to be sent to settlement judge. | 2.8 | | |

| Date | Description | Hours | Reduction | Ruling |
|---|---|---|---|---|
| 12/3/2021 | Initial review of settlement counteroffer from Quebedeaux and GMC and share offer with Sergio. | 0.5 | | |
| 12/6/2021 | Working on Position Statement call with expert Randall Bounds relative to GM's response and records issued to NHTSA and dealers. . | 0.3 | | |
| 12/10/2021 | Draft and edit position statement per Judge Ferraro's letter (5.6) review case pleadings, disclosures and reports to prepare position statement (3.3), review and prepare exhibits to position statement (2.7). (NO Charge 4.3) | 7.3 | | |
| 12/15/2021 | Call with Randall Bounds to review Position Stmnt. Ex. 2 to the GMC Bulletin and discuss error P2A52 code. (.3) Drafta note in MyCase and save into notes in Y drive.(.2) | 0.5 | | |
| 12/16/2021 | Review and Edit requests for production to Quebedeaux. | 0.6 | | |
| 12/16/2021 | Review and Edit requests for production to GMC. | 0.5 | | |
| 12/16/2021 | Review and Edit requests for production to US Bank. | 0.6 | | |
| 12/16/2021 | Review case documents in preparation of meditation: disclosures by GMC, Quebedeaux and US Bank and client (3.5) review claims and damages prepare notes for mediation(2.6). | 6.1 | | |
| 12/18/2021 | Attend mediation with client with opposing parties and Judge Ferraro. | 8.7 | | |
| 1/7/2022 | Secure message with client about drafting a release and getting proceeds and illness in office causing delay. Will be drafting fee petition and release | 0.2 | | |
| 1/14/2022 | Review of expenses and fees and Rule 54 (.2)and draft email to opposing counsel K Gallardo to ask if GMC and Quebedeaux are interested in resolving attorney fees without motion and petition (.2) Send demand to opposing party of fees and costs through today. (.1). | 0.5 | | |
| 1/17/2022 | Draft and Edit Fee & Cost Motion memorandum of points and authorities for fee motion edit outline drafted by paralegal (2.4), review recent cases for paralegal & attorney fees and consumer attorney fee survey and | 4.8 | | |
| 1/19/2022 | Call with Steve Harrison about signing separate release so that US Bank can be dismissed, said he would send over draft with proposed order in a couple of days. Share information with client. | 0.2 | 0.2 | U |
| 1/19/2022 | Sent message to Sergio re settling with US Bank and filing fee petition status | 0.1 | | |
| | | **101.8** | **16.6** | |

**Adjusted Hours:**　　**85.2**

**Timekeeper: Krystina Johnson**
**Hourly Rate: $100**

| Date | Description | Hours | Reduction | Ruling |
|---|---|---|---|---|
| 10/18/2021 | Reviewed original Scheduling Order and removed deadlines and reminders and updated the calendar with the Amended Scheduling Order deadlines and reminders. | 0.8 | 0.8 | C |
| 10/19/2021 | Left voicemail for Judge Magistrate Ferraro to schedule the settlement conference based on proposed dates in the Joint Motion to Schedule Settlement Conference. | 0.1 | 0.1 | C |
| 10/19/2021 | Called Magistrate Aguilera's chambers and spoke with her law clerk Lorenzo. He suggested we file a short joint settlement conference memorandum showing the judge we are in the process of scheduling the settlement conference. | 0.2 | | |
| 10/20/2021 | Sandra, JAA to Magistrate Ferraro called back this morning and she said he is out on medical leave until the beginning of December. I gave her the December dates in our motion and noticed December 19th is a Sunday. Checked email for dates proposed by opposing counsel and CAF. Received Sandra's email address to send her an email with the correct date. | 0.1 | 0.1 | C |
| 10/25/2021 | Communications with Judge Magistrate Thomas Ferraro's chambers, Sandra JAA, confirming the settlement conference is scheduled for December 17th at 9AM via zoom. (.2) Sent email to opposing counsels with the information. (.1). | 0.3 | 0.3 | C |

| Date | Description | Hours | Reduction | Ruling |
|------|-------------|-------|-----------|--------|
| 11/2/2021 | Sent another email to Jimmie Birley, Judge Ferraro's Law Clerk asking for an update if the letter has been sent to parties referring to the settlement conference memorandum. Also asked if it will be a letter or a Notice that's filed with the court. | 0.1 | 0.1 | C |
| 11/10/2021 | Uploaded letter from Judge Ferraro's chambers regarding the settlement conference. Shared the letter with client and sent secure message informing the same. | 0.1 | | |
| 11/12/2021 | Saved documents emailed from Randall Bounds today and uploaded them to Mycase Discovery folder. | 0.2 | 0.2 | C |
| 11/16/2021 | Drafted and emailed opposing counsel and Judge Ferraro's Law Clerk requesting a 1 day extension for Plaintiff's demand deadline. | 0.2 | 0.2 | C |
| 11/17/2021 | Responded to email from Opposing Counsel and Jimmie Birley regarding a continuance of our deadline to send our settlement demand. Per the email, our deadline is extended 1 day to 11/24. Sent client secure message with the same. | 0.1 | | |
| 11/17/2021 | Updated the settlement conference event to include the zoom link information from the court and shared it with client. | 0.2 | | |
| 11/23/2021 | Confirmed all trial deadlines and settlement conference deadlines have been calendared. | 0.5 | 0.5 | C |
| 11/24/2021 | Review of Settlement Conference Letter from Judge Ferraro on where to send Plaintiff's demand. | 0.2 | 0.2 | C |
| 11/30/2021 | Downloaded client's deposition transcript and documents from Carrie Court Reporting email and shared them with client. (.2) Sent secure message for client to review the transcript and fill out the errata sheet and sign the signature page as soon as possible. (.1). | 0.3 | | |
| 11/30/2021 | Email communications with Judge Ferraro's Law Clerk Jimmie for length of time scheduled for the settlement conference. | 0.1 | 0.1 | C |
| 11/30/2021 | Phone call with Lyn at the Federal Court to schedule test call for settlement conference on 12/17. | 0.2 | 0.2 | C |
| 12/6/2021 | Phone call to Leon E Thikoll's office to reserve a conference room for December 17th Settlement Conference. | 0.1 | 0.1 | C |
| 12/6/2021 | Contacted Mr. Rockafellow to request reservation of a conference room for the Settlement Conference on 12/17 and sent follow up email confirming the same. | 0.3 | 0.3 | C |
| 12/6/2021 | Sent secure message with location of Rockafellow Law Offices for the location of the settlement conference to client. | 0.1 | | |
| 12/6/2021 | Sent an email to Jimmie Birley and the defendants to include a copy of Plaintiff's Settlement Demand per the Judge's instructions and deadline. | 0.2 | | |
| 12/6/2021 | Emails between myself and Deanna at the Wilmot office regarding conference room availability and cancelation of the small conference room. | 0.2 | 0.2 | C |
| 12/7/2021 | Emailed Mr. Rockafellow to see if there is a fee associated with reserving the conference room for the Settlement Conference. | 0.1 | 0.1 | C |
| 12/14/2021 | After a call with CAF, I bate stamped all documents in the To Be Disclosed Second Amended Disclosure Statement folder individually and then as one combined document (.8) Renamed each individual document with the correlating bates number but was having trouble as the names of the documents were too long (.3). | 1.1 | 1.1 | C |
| 12/14/2021 | Received a call from CAF regarding a task to bates stamp second amended disclosures as a priority before the end of the day. | 0.2 | 0.2 | C |
| 12/15/2021 | Downloaded Defendant GM's disclosures from email. | 0.3 | 0.3 | C |
| 12/15/2021 | Drafted v3 Notice of Service of Second Supplemental Disclosure Statement and Bate Stamped documents. | 0.3 | | |
| 12/15/2021 | Recreated v2 of Exhibits 1, 2, 3, and 5 to the Position Statement for the Settlement Conference with the correct Plaintiffs Second Supplemental Disclosure Statement documents disclosed on 12/14 that reflect the original Exhibit 5 portions of the collision report. | 1.9 | | |
| 12/15/2021 | Chat messages with KJ and LN to set a time to file the Notice of Service re Disclosures together on zoom in ECF. | 0.2 | 0.2 | C |
| 12/16/2021 | Updated the litigation deadline worksheet to reflect our filing of the notice of service. | 0.1 | 0.1 | C |
| 12/16/2021 | Uploaded the notice of service of second supplemental disclosure statement and shared with client. | 0.1 | | |
| 12/16/2021 | Sent email to Colville & Dipple inquiring about availability for scheduling depositions of Defendants on January 9 and 10. | 0.2 | 0.2 | C |
| 12/16/2021 | Drafted Notice of Deposition of Brian Medina v1. | 0.4 | | |
| 12/16/2021 | Contacted Kathy Sprinkle at opposing counsel's office asking for her to forward the attachment to the email CAF forwarded me on the offer of judgment (.2) Saved Defendant's Quebedeau and GM Motor's Offer of Judgment from email (.2). | 0.4 | 0.2 | C |
| 12/16/2021 | Emailed opposing counsel with Plaintiff's Second Supplemental Disclosure Statement and Notice of Deposition of Mr. Medina. | 0.3 | | |

| Date | Description | Hours | Reduction | Ruling |
|---|---|---|---|---|
| 12/30/2021 | Downloaded the Settlement Conference Minute Entry to client folder and shared with client. | 0.2 | | |
| 1/13/2022 | Drafted shell for Application for Attorney's Fees. | 0.9 | | |
| 1/14/2022 | Searched outlook inbox for filing from District Court and found the defendant's notice of filing email and verified on my notes that I was unable to open the document as it came in to save it to the client's file. Saved it today in client folder and uploaded to mycase and shared with client. | 0.3 | | |
| 1/14/2022 | Drafted Exhibit A Declaration of Attorney in support of the Motion for attorney's fees (1.3) Reviewed past and current fees and expenses for the motion and demand to opposing counsel (1.1). | 2.4 | | |
| | | 14 | 5.8 | |

Adjusted Hours:          8.2

**Timekeeper: Lacey Norton**
**Hourly Rate: $125**

| Date | Description | Hours | Reduction | Ruling |
|---|---|---|---|---|
| 12/13/2021 | Review of client's initial disclosure file to determine that all files were disclosed with initial disclosures (1.5) Added additional documents to be disclosed in supplemental disclosure to separate folder for attorney review (.2) drafted supplemental disclosure notice for attorney review (.5). | 2.2 | | |
| 12/14/2021 | Review of position statement exhibits ensuring all exhibits are in the folder to be disclosed with the second supplemental disclosure (.5) drafted notes for attorney review regarding additional documents for the second supplemental disclosure (.2) drafted v1 of the supplemental disclosure statement for attorney review (.4). | 1.1 | | |
| 12/15/2021 | Edits made to v2 of second supplemental disclosures statement to add prior disclosure information into the draft and bold additional disclosures. | 0.2 | | |
| 12/17/2021 | Made edits on v1 of request for production to defendant General Motors adding necessary requests for documents from disclosure statement (.5). Made edits on v2 of request for production to defendant Quebedeaux-GMC adding necessary requests for documents from disclosure statement (.2). | 0.7 | | |
| 1/13/2022 | Drafted v1 of settlement agreement and release for attorney review. | 0.9 | | |
| | | 5.1 | 0 | |

Adjusted Hours:          5.1

**Timekeeper: Kimberly Rutherford**
**Hourly Rate: $125**

| Date | Description | Hours | Reduction | Ruling |
|---|---|---|---|---|
| 5/10/2021 | Doc review, doc 52 in prep for a draft of the joint report. | 0.7 | | |
| 5/12/2021 | Draft shell/outline of joint report per court's order. | 1.2 | | |
| 5/14/2021 | Draft shell/outline of joint report (3.2) charge 2. | 2 | | |
| 5/15/2021 | Finalize joint report IAW Doc 52 in preparation for meeting with OC 5/17/21.(3.5) charge 2.5. | 2.5 | | |
| 5/20/2021 | Final review and edit of Joint Report Court Doc 52. | 1.2 | | |
| 5/21/2021 | Final check against Rule 7.1, edit and format Joint Report prepared in response to Doc 52. | 1.5 | | |
| 5/21/2021 | File with Court Rule 16 Joint Report prepared in response to Doc 52, copied to OC. | 0.4 | 0.4 | C |
| 6/2/2021 | Draft initial disclosure statement sections IAW Rule 26. | 2.9 | | |

| Date | Description | Hours | Reduction | Ruling |
|------|-------------|-------|-----------|--------|
| 6/3/2021 | Draft initial disclosure statement including identification of and Bates stamping specific disclosures, witness contact info. | 3 | | |
| 6/8/2021 | Draft initial disclosure statement including specific disclosures, damages section, IAW Fed Rule 26(a)(1), and local rules. | 2 | | |
| 6/10/2021 | Prepare damages computation worksheet for Rule 26(a)(1) for Initial Disclosure Statement (partial). | 1.6 | | |
| 6/11/2021 | Identify investigation and client documents for IDS Disclosure folder, list records by name in appropriate sequence within draft IDS. | 1.3 | | |
| 6/21/2021 | Draft the Initial Disclosure Statement; identify missing documents regarding auto insurance, costs incurred for rental of substitute vehicle, and towing charges; request documents and input from the client; upload documents for review by CAF. | 1.1 | | |
| 6/23/2021 | Revise Plaintiff's draft Rule 26a1 Initial Disclosure Statement, including C. Ferraris comments and clarification of expected supplementation. | 0.6 | | |
| 6/23/2021 | Prepare and sequence documents for inclusion with Plaintiff's Initial Disclosure Statement. | 0.6 | 0.2 | C |
| 6/23/2021 | Bates number documents to accompany initial disclosure statement; assemble into single PDF; upload to active case files for review. | 0.6 | 0.6 | C |
| 6/25/2021 | Incorporate CAF revisions into the Initial Disclosure Statement (V4). | 0.4 | | |
| 6/25/2021 | Organize and merge disclosures identified by CAF for review prior to Bates numbering and inclusion with initial disclosure statement. | 1 | 1 | C |
| 6/25/2021 | Revise computation of damages worksheet, fit to one page, save as PDF, upload in case files and aggregated disclosures. | 0.8 | 0.4 | B, C |
| | | 25.4 | 2.6 | |

Adjusted Hours:     22.8

**Timekeeper: Linda Vaubel**
**Hourly Rate: $125**

| Date | Description | Hours | Reduction | Ruling |
|------|-------------|-------|-----------|--------|
| 3/6/2020 | Fact Chronology build from client and third party documents for drafting complaint | 3 | | |
| 3/6/2020 | Preparation of fact chronology for Legal Complaint and NCDS arbitration process. | 1.5 | | |
| 3/25/2020 | Prepare Certificate of Arbitration. | 0.5 | | |
| 3/27/2020 | Preparation of National Center for Dispute Resolution application. | 1.5 | | |
| 4/22/2020 | Send email to S. Fierros with copy of ESIS 04/16/20 letter attached; send email to Junior Gonzalez at Quebedeaux re question on non-oem component installed. | 0.3 | | |
| 4/22/2020 | Work on version 2 of draft Complaint fact chronology and claims outline | 1.6 | | |
| 4/29/2020 | Revised and edited Fierros Complaint Version 3 Draft. | 1 | | |
| 5/28/2020 | Review credit reports and prepared draft response letters to three credit reporting agencies, Experian (.); Equifax (.4); TransUnion (.4). | 1.2 | 1.2 | U |
| 6/4/2020 | Edit and reformat Complaint (1.); check names of defendants on Arizona Corporation Commission and Secretary of State (.5). | 1.5 | | |
| 6/5/2020 | Research addresses for statutory agents to serve summonses to Quebedeaux, General Motors, and US Bank (.4); call with Attorney re summons for US Bank (.3). | 0.7 | | |
| 6/5/2020 | Prepare final revision of Complaint (1.); prepare civil cover sheet (.5); prepare 3 summonses (.5) and file all opening civil case documents with the US District Court (.6). | 2.6 | 0.6 | C |
| 6/8/2020 | Sent status update Email to the client with a copy of Complaint that was filed and the dispute letters to the credit reporting agencies. | 0.2 | | |
| 6/8/2020 | Edit and finalize Credit Reporting Agency dispute letters to Equifax, Experian, and TransUnion. | 0.4 | 0.4 | U |
| 6/10/2020 | Electronically file Consent for Magistrate Judge (.4); download documents filed with the USDC (Complaint, Cover Sheet, Issued Summonses)(.3); email Complaint and Summons documents to Process Server to be served on Quebedeaux and General Motors (.2). | 0.9 | 0.9 | C |
| 6/11/2020 | Revise/update three Credit Reporting Agency dispute letters for client to dispute auto loan reporting | 0.5 | 0.5 | U |
| 6/11/2020 | Prepare Summons, Complaint, Consent to Magistrate for sending summons and complaint via certified mail to US Bank and principal place of business in Minnesota | 0.4 | | |

| Date | Description | Hours | Reduction | Ruling |
|------|-------------|-------|-----------|--------|
| 7/7/2020 | Upload General Motor's Answer and Corporate Disclosure Statement to Pleadings folder. Add General Motor's attorney contact info to case management. Note: This entry was not billed on previous invoices. | 0.2 | 0.2 | C |
| 7/24/2020 | Upload Proof of Service to case management; update attorney information in contacts. Note: This entry was not billed on previous invoices. | 0.3 | 0.3 | C |
| 8/6/2020 | Upload US Bank's Partial Motion to Dismiss and calendar response deadline. Note: This entry was not billed on previous invoices. | 0.2 | 0.2 | C |
| 8/7/2020 | Upload Order from Court extending time for Quebedeaux to respond to Complaint. Note: This entry was not billed on previous invoices. | 0.1 | 0.1 | C |
| 8/19/2020 | Draft stipulation and order regarding extension of time to respond to US Bank's Motion to Dismiss. | 0.4 | | |
| 8/20/2020 | Finalize and file with District Court, the Stipulation and proposed Order; send email to chambers with Word doc of proposed Order. | 0.5 | 0.5 | C |
| 8/26/2020 | Update e-Trial Notebook with Pleadings/Orders. | 0.5 | 0.5 | C |
| 9/11/2020 | Format clean copy of First Amended Complaint from track change version (.2); prepare Notice of Filing (.1). | 0.3 | 0.2 | C |
| 9/11/2020 | Call with attorney to discuss the filing of Amended Complaint (.2); further revisions and edits to Amended Complaint and Notice of Filing (.5); file electronically with United States District Court (.2); save and upload filed docs to case management system (.1). | 1 | 0.3 | C |
| 9/14/2020 | Sent email to Sergio and Rachel with attached Court-filed documents (.1); requested additional records re US Bank denial of credit (.2). | 0.2 | 0.2 | U |
| 9/25/2020 | Uploaded filed Motion to Dismiss by US Bank; calendared response due. | 0.1 | 0.1 | C |
| 9/29/2020 | Called client and sent a message regarding the request for phone records; the client is still waiting to receive them from Sprint. | 0.1 | 0.1 | U |
| 10/8/2020 | Draft Stipulation and proposed Order for Extension to file a response to US Bank's Partial Motion to Dismiss Plaintiff's First Amended Complaint. | 0.3 | 0.3 | U |
| 10/9/2020 | File Stipulation and proposed Order with USDC (.2); Sent Email to Judge's chambers with attached Stipulation and proposed Order (.1). | 0.3 | 0.3 | C |
| 10/13/2020 | Organize client documents and emails into chronological order and prepare Case Map. | 2 | | |
| 10/19/2020 | Prepare and electronically file with US District Court: Plaintiff's Response to US Bank's Partial Motion to Dismiss (.5); upload a file-stamped copy to case management system(.1). | 0.5 | 0.5 | C |
| 11/5/2020 | Reviewed client's most recently uploaded docs and added to Organized Docs and Case Map (.5); uploaded US Bank's REPLY to Response to Motion re: [31] MOTION to Dismiss (.1). | 0.6 | 0.1 | C |
| 11/30/2020 | Add hyperlinks to case map to link client records documents for attorney review. | 0.5 | | |
| 12/2/2020 | Prepare draft subpoena for Sprint telephone records of calls to client by US Bank. | 0.3 | 0.3 | U |
| 12/30/2020 | Phone call with Sergio to get the phone numbers of US Bank. | 0.2 | 0.2 | U |
| 12/30/2020 | Search Sprint documents and found 536 instances for numbers called to client from 04/16/2020 to 11/02/2020 mark document for attorney review | 2 | 2 | U |
| 12/31/2020 | Searched Sprint documents for any instances of additional US Bank calls to client brother's Miguel Cantua's phone mark for attorney review | 0.9 | 0.9 | U |
| 1/21/2021 | Proofread version 2 of Second Amended Complaint for claims against US Bank per the court's recommendation report | 0.8 | 0.8 | C, U |
| 1/21/2021 | Prepare Notice of Filing Second Amended Complaint. | 0.2 | 0.2 | U |
| 1/22/2021 | Case map Sprint excel sheets (.3); hyperlink case map (.4); Google search US Bank phone numbers (.4). | 1.1 | 1.1 | U |
| 1/26/2021 | US Bank number of calls added to case map. | 0.1 | 0.1 | U |
| 1/26/2021 | Call with attorney regarding calls to client from US Bank and how to implement in pleading. | 0.6 | 0.6 | U |
| 2/2/2021 | Review and revise Second Amended Complaint in preparation for filing with Court. | 1 | 1 | U |
| 2/2/2021 | Prepared tracked changes from First Amended Complaint to Second Amended Complaint for filing second amended complaint. | 0.7 | 0.7 | C, U |
| 2/2/2021 | Conference with attorney regarding the documents to be filed with the US District Court (.2); electronically filed with the Court, the Second Amended Complaint and Notice of Filing (.4). | 0.6 | 0.6 | C, U |
| 2/16/2021 | Calls to/from Clerk of Court regarding Order that will be issued by Judge Marquez. | 0.3 | | |
| 3/2/2021 | Email to attorney for Harrisons requesting US Bank payoff. | 0.2 | 0.2 | C |

| Date | Description | Hours | Reduction | Ruling |
|------|-------------|-------|-----------|--------|
| 3/15/2021 | Prepare draft of Motion for Leave to File Second Amended Complaint for attorney review. | 0.2 | 0.2 | U |
| 3/17/2021 | Prepare an underlined copy of changes to Second Amended Complaint and file SAC and notice with the court | 1 | 1 | C, U |
| 4/15/2021 | Prepare Initial Disclosure Statement shell, version 1 | 0.3 | | |
| | | **36.4** | **17.4** | |

**Adjusted Hours:**     **19**

Appendix 2:
Supplemental Billing Statement

**Key:**      **B = Block billed**
              **C = Clerical work**
              **E = Excessive time spent**
              **I = Incomplete or ambiguous task description**
              **U = Unrelated to General Motors LLC or Quebedeaux Buick GMC, Inc.**

**Timekeeper: Christine Ferraris**
**Hourly Rate: $350**

| Date | Description | Hours | Reduction | Ruling |
|---|---|---|---|---|
| 2/9/2022 | Review and take notes on Defs. Quebedeaux and GM response to Motion for Fees and Costs. | 1.4 | | |
| 2/11/2022 | Research Review cases on purely clerical tasks and local rule on block billing (.7) review Defs Exhibit re purely clerical tasks review Plaintiff's corresponding records to compare purely clerical task entries draft notes to reply (.6) | 1.1 | 1.1 | E |
| 2/11/2022 | Review cases interpreting Mag. Moss attorney fee motions and common core facts claims. | 1.3 | | |
| 2/12/2022 | Review Defendants presuit time entries worksheet (.4) segregate review time entries characterized as block billing and draft response (.5) review defendants unrealized time entries and draft response (.6). | 1.5 | | |
| 2/12/2022 | Draft Introduction section about case and Defendants Exhibit Errors. | 0.8 | | |
| 2/12/2022 | Draft response to downward adjustment factors in Defs. response. | 1.7 | | |
| 2/12/2022 | Defendants Exhibit 1 referring to US Bank entries. | 1.3 | 1 | E, I |
| 2/13/2022 | Draft holder rule section in response to relative to claims against US Bank based on FTC Holder Rule | 1.1 | 0.5 | E |
| 2/13/2022 | Draft and revise settlement efforts exhibit for Reply (.5), review time entries relative to settlement communications (.2). | 0.7 | | |
| 2/14/2022 | Review and edit reply (1.9) and review edit exhibits 3 and 4 to reply (.5). | 2.4 | 0.5 | E |
| 2/14/2022 | Research case law on seeking supplemental fees for fee petition to respond to Defendants response and for oral argument, add language to motion for leave to file amended declaration for supplemental fees. | 1.9 | 0.5 | B, E |
| 2/15/2022 | Review clerical time entries and identify purely clerical entries to exclude (.4) and prepare an exhibit of entries and calculate hours and amount (.7). | 1.1 | 1.1 | E |
| 2/16/2022 | Calls with Sergio about settlement status with US Bank and GMC and Quebedeaux, | 0.4 | | |
| | | **16.7** | **4.7** | |

                                                        **Adjusted Hours:**        **12**

**Timekeeper: Lacey Norton**
**Hourly Rate: $125**

| Date | Description | Hours | Reduction | Ruling |
|---|---|---|---|---|
| 2/14/2022 | Review reply to attorney fee petition and two exhibits, tracking changes, saved as v4 (.8), compared Plaintiffs fee petition to Defendants Exhibit 1, highlighting errors in the conversion of the document leading to incorrect billing hours/ numbers and reviewing contested fees (1.2) created a record listing chronological order for attorney review (.2), created excel sheet of hours unrelated fees contested related to US Bank re credit reporting and phone | 3.4 | 1.2 | I |
| | | **3.4** | **1.2** | |

                                                        **Adjusted Hours:**        **2.2**

**Timekeeper: Krystina Johnson**
**Hourly Rate: $100**

| Date | Description | Hours | Reduction | Ruling |
|------|-------------|-------|-----------|--------|
| 2/14/2022 | Drafted v1 Motion and Proposed Order shell Supplemental Attorney's Fees and Costs and tasked Attorney to edit and finalize | 0.4 | | |
| 2/14/2022 | Proofread and reformat Plaintiff's Reply in Support of Motion for Attorney Fees and Costs and prepared the filing by adding the exhibit markers to each exhibit (.7) Filed the Reply in the District Court Electronic Filing System and saved final document to Client folder, uploaded to Mycase and shared with client (.2) Message to client to update him about the filing (.1). | 1 | 0.9 | C |
| | | **1.4** | **0.9** | |

**Adjusted Hours**   **0.5**